**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
RASHFORD EMANUAL GALLOWAY,          :
                                    :   Civil Action No.
              Petitioner,           :   12-1927 (NLH)
                                    :
         v.                         :
                                    :
WARDEN AT F.C.I. FORT DIX,          :   **MEMORANDUM OPINION**
                                    :
              Respondent.           :
_____:


IT APPEARING THAT:

1.  This matter comes before the Court upon Petitioner's filing of an application ("Petition") presenting a <u>de facto</u> Section 2255 motion but styled to appear as a petition filed pursuant to 28 U.S.C. § 2241, <u>see</u> Docket Entry No. 1, which application was followed by Petitioner's filing fee and his motion for emergent relief.  <u>See</u> Docket Entry No. 2 and Docket Entry dated April 10, 2012.

2.  Petitioner has filed numerous <u>de facto</u> Section 2255 motions (styled to appear as Section 2241 applications) in this District.  <u>See</u> <u>Galloway v. Samuels</u> ("<u>Galloway-2255-I</u>"),

Civil Action No. 07-3257 (NLH) (D.N.J.) (§ 2241 action challenging Petitioner's federal conviction and sentence entered by the United States District Court for the Western District of North Carolina; dismissed as a de facto Section 2255 action for lack of Section 2241 jurisdiction); Galloway v. Grondolsky ("Galloway-2255-II"), Civil Action No. 07-5159 (RBK) (D.N.J.) (raising de facto Section 2255 challenges virtually identical to those raised in Galloway-I; also dismissed for lack of Section 2241 jurisdiction); Galloway v. Bureau of Prisons ("Galloway-2255-III"), Civil Action No. 08-1924 (NLH) (D.N.J.) (raising civil rights challenges, de facto Section 2255 challenges identical to those raised in Galloway-I and Galloway-II and, in addition, challenges attacking the plea entered by Petitioner in state criminal proceedings after he had fully served his state sentence; dismissed on various grounds); Galloway v. Warden of FCI Fort Dix, Civil Action No. 08-5182 (raising Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991), challenges; dismissed by this Court on merits), aff'd Galloway v. Warden of F.C.I. Fort Dix, 385 F. App'x 59 (3d Cir. 2010); Galloway v. Warden of F.C.I. Fort Dix ("Galloway-2255-IV"), Civil Action No. 09-3692 (JBS) (D.N.J.) (raising de facto Section 2255 challenges identical to those raised in Galloway-2255-I and Galloway-2255-II and, in addition, asserting that

      Petitioner's federal sentence had to be reduced on the basis of hardships he allegedly suffered serving a period of his sentence at a certain correctional facility; also dismissed for lack of Section 2241 jurisdiction with regard to the challenges identical to those raised in Galloway-2255-I and Galloway-2255-II, and also as unexhausted administratively); and Galloway v. Warden of F.C.I. Fort Dix, Civil Action No. 10-5121 (NLH) (D.N.J.) (raising Petitioner's exhausted claims seeking sentence reduction; dismissed on the merits).

3. In the instant matter, Petitioner has again asserted, repeating virtually verbatim, his de facto Section 2255 claims already dismissed and re-dismissed for lack of Section 2241 jurisdiction, in Galloway-2255-I and Galloway-2255-II (as well as in Galloway-2255-III and Galloway-2255-IV). Therefore, this Court will dismiss Petitioner's de facto Section 2255 challenges for lack of Section 2241 jurisdiction. Since the basis for these jurisdictional dismissals was previously explained by this Court, as well as two other judges of this District, another recital of the applicable law appears superfluous. Out of abundance of caution, this Court will direct the Clerk to serve upon Petitioner copies of all pertinent decisions entered in Galloway-2255-I (examining the panoply of de facto Section 2255 claims literally identical to those at bar), Galloway-

    2255-II (same), Galloway-2255-III (same) and Galloway-2255-IV (same) and, in addition, will direct the Clerk to docket these decisions in the instant matter: as exhibits appended to this Memorandum Opinion.

4. While the foregoing fully disposes of Petitioner's de facto Section 2255 challenges at bar, two observations appear warranted.

    a. Although the Petition at bar is virtually identical to the ones filed in Galloway-2255-I, Galloway-2255-II, Galloway-2255-III and Galloway-2255-IV, the instant submission also attacks the practice of the United States Court of Appeals for the Fourth Circuit to require the litigants to seek leave to file a second or successive Section 2255 motion. See Docket Entry No. 1 (asserting that the Fourth Circuit's practice is unconstitutional). In other words, Petitioner challenges the constitutionality of 28 U.S.C. § 2244, as applied by the Fourth Circuit. However, the application employed by the Fourth Circuit has long been deemed constitutional and, moreover, was expressly adopted by the Court of Appeals for the Third Circuit. See Felker v. Turpin, 518 U.S. 651, 654 (1996); accord United States v. Miller, 197 F.3d 644 (3d Cir. 1999); see also Tyson v. Beard, 345 F. App'x 744, 747-78 (3d

Cir. 2009) (applying Section 2244 and stating that, absent appellate court's leave, a litigant cannot file a second or successive Section 2255 motion); Goldblum v. Klem, 510 F.3d 204, 216 n.8 (3d Cir. 2007) (same); McCoy v. Miner, 245 F. App'x 194, 196 (3d Cir. 2007) ("[Petitioner] cannot show that the remedy under § 2255 is inadequate or ineffective.  The [other] Circuit's denials of his requests for certification do not support such a showing, as they do not give rise to a cognizable 'limitation of scope or procedure,' but instead reflect the appropriate operation of the certification procedure as a 'screening' mechanism to counter repeated filing of defective petitions"). Petitioner's history of § 2255 litigations in the Fourth Circuit indicates that his constitutional rights were not violated by a proper application of Section 2244.[1]

---

[1] Detailing Petitioner's history of Section 2255 litigation in the Fourth Circuit, the United States District Court for the Western District of North Carolina observed:

> On January 10, 2005, Petitioner filed a timely Section 2255 motion and this was denied on March 31, 2005. (Doc. Nos. 130, 131).  Petitioner did not appeal. Rather, Petitioner filed a Section 2255 motion with the Fourth Circuit which was also denied by order entered May 13, 2005.  The Court observed that Petitioner had not applied for authorization to file a successive Section 2255 motion, which the Court noted was mandatory prior to filing a second Section 2255 motion.

    b.    Finally, this Court notes, with great concern, Petitioner's apparent tendency to litigate the matters already fully disposed of and, thus, barred from re-litigation by the doctrine of <u>res judicata</u>.  While the Court gave Petitioner the benefit of the doubt in <u>Galloway-2255-III</u> (when this Court construed Petitioner's <u>de facto</u> Section 2255 challenges identical to those already raised and dismissed in <u>Galloway-I</u> and <u>Galloway-II</u> as claims asserted erroneously but in good faith), Petitioner's application at bar makes it evident that his numerous attempts to re-litigate the

---

(Doc. No. 161).  On January 8, 2010, Petitioner filed yet another Section 2255 motion. (Doc. No. 217). On January 12, 2010, the Court denied this motion after finding that Petitioner had already sought and been denied relief on the claims raised therein, or Petitioner had waived consideration of the claims because he had failed to raise them in his first Section 2255 motion.  Petitioner filed a notice of appeal to the Fourth Circuit and his appeal was dismissed after the Court found that Petitioner had failed to make the required showing that a certificate of appealability should issue. Galloway v. United States, 382 F. App'x 294 (4th Cir. 2010). (Doc. No. 221).  On August 7, 2012, Petition filed the present Section 2255 motion. (3:12-cv-492, Doc. No. 1). [As this decision illustrates], Petitioner's motion will be dismissed.

<u>Galloway v. United States</u>, 2012 U.S. Dist. LEXIS 111810, at *3-4 (W.D.N.C. Aug. 9, 2012).  Petitioner's appeal in what is apparently his third Section 2255 action is currently pending before the Fourth Circuit.  <u>See</u> <u>Galloway v. USA</u>, Civil Action No. 12-0429 (FDW) (W.D.N.C.), Docket Entry No. 5.

claims already dismissed were not a result of <u>bona</u> <u>fide</u> confusion. The Court, therefore, takes this opportunity to warn Petitioner of the consequences of abusing the writ.

> In addition to dismissing [Petitioner's] petition, the District Court warned him (for a second time) that his systematic abuse of the writ might result in sanctions in the future. We now take this opportunity to issue such a warning of our own. [Petitioner] is advised that, if he files any duplicative or otherwise frivolous appeal in the future, we will consider imposing appropriate sanctions. Those sanctions may include an injunction barring [Petitioner] from filing documents in this Court without our prior leave. In that regard, we note that the United States Supreme Court recently directed its Clerk not to accept further filings from [Petitioner], except on specified conditions, because he "has repeatedly abused th[at] Court's process[.]" <u>Millhouse v. Zickefoose</u>, 132 S. Ct. 440 (2011). That characterization fairly describes [Petitioner's] conduct before this Court as well, and [Petitioner] is now on notice that any continuation of that conduct may lead to appropriate sanctions.

<u>Millhouse v. Zickefoose</u>, 468 F. App'x 101, 101-02 (3d Cir. 2012).

5. For the foregoing reasons, the Petition, Docket Entry No. 1, will be dismissed for lack of jurisdiction, with a warning that further abuse of the writ will not be tolerated, and Petitioner's persistence at raising and re-raising already resolved claims may subject him to sanctions, if warranted. Petitioner's "Motion for Emergent Relief," Docket Entry No.

2, will be denied as moot or, in alternative, as facially frivolous.  An appropriate Order will accompany this Memorandum Opinion.

                                                      s/ Noel L. Hillman
                                                    **NOEL L. HILLMAN**
                                      **United States District Judge**

Dated: December 21, 2012
At Camden, New Jersey